The ECCLESIASTICAL ORDER OF THE ISM OF AM, INC.; Rev. George Nicholas Baustert; and Janette C. Schwedt, Plaintiffs–Appellants,

v.

Joseph CHASIN; Julia Shea Kane; Charles Gillette; Joseph Luperini; Melvin Blough; and Robert Schervish, Defendants–Appellees.

No. 86–2178.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 14, 1987.

Decided April 18, 1988.

**114**

Joseph Falcone, Lieberman & Falcone, Southfield, Mich., for plaintiffs-appellants.

David S. Grossman, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Michael L. Paup (Lead Counsel), Roger M. Olsen, Tax Div., Dept. of Justice, Washington, D.C., Jonathan S. Cohen, Howard M. Solomon, for defendants-appellees.

Before WELLFORD, NELSON and BOGGS, Circuit Judges.

PER CURIAM.

This is a *Bivens* case [*] filed initially against the Internal Revenue Service and certain of its agents for allegedly violating the plaintiffs' First and Fifth Amendment rights by denying tax-exempt status to the Ecclesiastical Order of the Ism of Am, Inc. On a prior appeal this court affirmed the district court's dismissal of the IRS, but the case was remanded for further proceedings with respect to the then-unknown agents. *Ecclesiastical Order of the Ism of Am, Inc. v. Internal Revenue Service,* 725 F.2d 398 (6th Cir.1984). On remand, the plaintiffs were permitted to file amended complaints naming individual defendants and seeking damages of $5 million. The

district court then dismissed the action, on defendants' motion, for failure to state a claim, 653 F.Supp. 1200. We shall affirm the judgment.

**I**

On December 30, 1979, the Ecclesiastical Order of the Ism of Am, Inc., a Michigan ecclesiastical corporation, applied to the IRS for recognition of tax-exempt status as a religious organization under § 501(c)(3) of the Internal Revenue Code of 1954. The application was denied, and the Ism of Am thereupon filed a declaratory judgment action in the United States Tax Court.

In the Tax Court action, the Ism of Am asserted that denial of tax-exempt status would violate the Establishment and Free Exercise clauses of the First Amendment and the right to equal protection under the Due Process Clause of the Fifth Amendment. The Tax Court ruled that the denial of tax-exempt status was proper because the organization had a substantial non-exempt purpose. The court also rejected the Ism of Am's constitutional arguments. See *Ecclesiastical Order of the Ism of Am, Inc. v. Comm'r,* 80 T.C. 833 (1983). This court affirmed the Tax Court's decision on appeal. The unpublished decision is noted at 740 F.2d 967 (1984). The Supreme Court denied certiorari. 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985).

On February 2, 1982—prior to entry of the Tax Court's decision—the Ism of Am, the Rev. George Baustert (Ism of Am minister and president), and Janette Schwedt (Ism of Am minister, secretary, and treasurer), filed the present suit in the United States District Court for the Eastern District of Michigan. In a first amended complaint the plaintiffs sought, *inter alia:* (1) a declaratory judgment that the conduct of the IRS and certain unknown IRS officers violated plaintiffs' constitutional rights; (2) injunctive relief prohibiting the IRS and the unknown officers from engaging in unconstitutional and illegal activities; and (3) an

---

[*] See *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91    S.Ct. 1999, 29 L.Ed.2d 619 (1971).

award of damages against the individual unnamed IRS officers.

The government, represented by the Department of Justice, moved for dismissal of the complaint. Among other things, the government challenged the jurisdiction of the district court over the unknown IRS agents on the ground that they had not been served with process.

The district court granted the government's motion to dismiss because plaintiffs had not served (or even attempted to serve) the individual unknown agents. The court further held that the action against the IRS was barred by the doctrine of sovereign immunity.

On appeal a panel of this court affirmed the dismissal as to the Internal Revenue Service and remanded the case as to the individual unknown agents. *Ism of Am*, 725 F.2d at 402.

Following the remand plaintiffs' counsel served the Department of Justice with interrogatories that asked for identification of all IRS employees involved in the administrative proceedings on the Ism of Am's application for tax-exempt status. The Department sought a protective order on the ground that it was not a party and did not represent defendants "John Doe and Mary Roe." The district court found that the Department of Justice had previously entered a general appearance in the case, however, and ordered the Department to respond to the interrogatories. The answers identified eight IRS employees who had been involved in the processing and review of the Ism of Am's exemption application.

The plaintiffs then moved for permission to name as defendants Joseph Chasin, Julia Shea Kane, Charles Gillette, Joseph Luperini, Melvin Blough, and Robert Schervish, all of whom had been identified as participants in the processing of the Ism of Am's application for tax-exempt status. (The first four are residents of the Washington, D.C. metropolitan area and the other two are residents of Michigan.) The district court granted the motion.

Three months later the plaintiffs filed amended complaints that named these individuals as defendants, alleged that they had violated plaintiffs' rights under the First and Fifth Amendments, and sought damages in the amount of $5,000,000.

The defendants filed answers asserting (1) that the most recent amended complaint failed to state a claim upon which relief could be granted, (2) that the action was barred by the doctrine of sovereign immunity, (3) that the defendants were protected by absolute and/or qualified immunity, (4) that the court lacked personal jurisdiction over those defendants not residing in Michigan, and (5) that there had been no effective service of process. The defendants moved to dismiss the complaint on these grounds, and the district court granted the motion.

The district court concluded that although the defendants had been properly served, they were entitled to qualified immunity; the court further concluded the suit was barred by the doctrine of sovereign immunity in any event. The court found that the action was actually a claim against the United States, because the record clearly indicated that the defendants were acting solely in their official capacities.

## II

■ It is well settled that the United States as a sovereign is immune from suit unless it has expressly waived such immunity, *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940), and that the bar of sovereign immunity cannot be avoided simply by naming officers and employees of the United States as defendants. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982).

Under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) and 2671 to 2679, the United States has waived its immunity with respect to certain actions. Actions connected with the assessment or collection of taxes, however—as this action is—are expressly excluded from the waiver. 28 U.S.C. § 2680(c).

Insofar as this is an action against the defendants in their official capacities,

therefore, the district court properly concluded that the suit is barred by the doctrine of sovereign immunity.

## III

■ The doctrine of sovereign immunity does not bar damage actions against federal officials who have been sued in their individual capacities for violation of a plaintiff's constitutional rights. See *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In order to maintain a damage action against the official in his individual capacity, however, the plaintiff must bring the defendant before the court; the ordinary requirements for exercise of *in personam* jurisdiction are fully applicable. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1459 (9th Cir.1985), citing *Hutchinson*, 677 F.2d at 1327–28. See *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.), *cert. denied*, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975).

Rule 4(d) of the Federal Rules of Civil Procedure requires personal service of a summons and complaint upon each individual defendant. Without such personal service, a district court is without jurisdiction to render judgment against the defendant. *Hutchinson*, 677 F.2d at 1328. The plaintiff must accomplish personal service under Rule 4(d)(1); the United States also must be served under Rule 4(d)(5). *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir.1980).

■ In the case at bar, the individual defendants were never personally served in accordance with Rule 4, Fed.R.Civ.P. Service was simply made on the Department of Justice. Although this would be sufficient to effect service on defendants in their official capacities, it cannot suffice to bring them before the court in their individual capacities. See *Micklus*, 632 F.2d at 240. We do not understand the Department of Justice to have entered an appearance on behalf of the defendants personally, and the fact that the defendants had actual notice of the suit is, of course, immaterial. See *Sieg v. Karnes*, 693 F.2d 803,

807 (8th Cir.1982). The district court simply did not acquire personal jurisdiction over the defendants as individuals.

## IV

■ The district court found that the nonresident defendants were subject to suit in Michigan by reason of Michigan's long-arm statute, Michigan Code § 600.705. We disagree. Even if service of process had been properly effected, the district court would have lacked personal jurisdiction over defendants Chasin, Luperini, Kane and Gillette, who at all relevant times lived and worked in the Washington, D.C. metropolitan area.

The plaintiffs argue that the defendants waived this defense when the Department of Justice failed to raise it in the government's first motion to dismiss. After the individual defendants were named, however, they promptly moved for dismissal in their own behalf. They waived nothing before that time.

The district court, relying upon the plaintiffs' allegations of conspiracy, concluded that because the nonresident defendants "ostensibly maintained a relationship" with the Michigan defendants, they had conducted the minimal amount of business in Michigan required under the state's long-arm statute. In *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1237 (6th Cir.), *cert. denied*, 454 U.S. 893, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981), however, we held that "totally unsupported allegations of conspiracy cannot constitute sufficient contacts with Michigan to justify an exercise of personal jurisdiction," and we concluded that "the allegation of conspiratorial activities ... in the forum state is insufficient to support jurisdiction under the long arm statute in the absence of some minimal factual showing...."

On the basis of the record before us, we find that the plaintiffs' unsupported allegations of conspiracy are likewise insufficient to justify an exercise of personal jurisdiction over the nonresident defendants.

## V

■ Finally, the plaintiffs contend that the district court erred in holding the doctrine of qualified immunity applicable here. The plaintiffs contend that the district court incorrectly applied a test for qualified immunity that put the defendants' state of mind at issue.

The district court found that "(1) there existed reasonable grounds for Defendants to believe that their challenged action was appropriate, and (2) Defendants acted in good faith." The court noted that "[t]he test is based upon the objective reasonableness of the conduct as measured by reference to clearly established law."

That defendants "acted in good faith" is irrelevant. The district court nonetheless applied an objective standard that is consistent with the rule enunciated in *Anderson v. Creighton*, 483 U.S. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). There the court held that the relevant question in determining whether an official is entitled to qualified immunity is whether a reasonable person in his position could have believed his conduct to be lawful in light of clearly established law and the information the official possessed. 483 U.S. at ——, 107 S.Ct. at 3040, 97 L.Ed.2d at 532. This is an objective inquiry, albeit a fact-specific one.

In the case at bar, a reasonable IRS official certainly could have believed that the actions taken by defendants in processing and ultimately denying plaintiffs' application for tax-exempt status were lawful in light of clearly established law and the information that was available to defendants. Ultimately, both the Tax Court and this court upheld the IRS's decision to deny the plaintiffs' application. See *Ecclesiastical Order of the Ism of Am, Inc. v. Comm'r*, 80 T.C. 833 (1983), *aff'd*, 740 F.2d 967 (6th Cir.1984), *cert. denied*, 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985).

In *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987), this court found that

> "[w]here a defendant is entitled to qualified immunity the plaintiff must plead facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known. The failure to so plead precludes a plaintiff from proceeding further, even from engaging in discovery, since the plaintiff has failed to allege acts that are outside the scope of the defendant's immunity."

Applying this standard of qualified immunity, the district court correctly found that none of the actions taken by the defendants violated any of the plaintiffs' clearly established constitutional or statutory rights. The IRS and its employees have statutory authority under Internal Revenue Code §§ 501(c)(3) and 7601 to investigate and determine the plaintiffs' claim to tax-exempt status. The plaintiffs' constitutional challenges have already been considered and rejected by the Tax Court, in a decision affirmed by this court. We can hardly shut our eyes to what has already been decided.

## VI

For the foregoing reasons, we AFFIRM the district court judgment dismissing the action.