905 F.2d 1537
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard ELLIOTT, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Chevy Chase, Maryland;
United States Attorney, District of Maryland at Baltimore;
United States Parole Commission, Southeast Regional Office,
Atlanta, Georgia; United States Probation Office, District
of Maryland, at Baltimore, Defendants-Appellees.
 No. 89-6393.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Richard Elliott, a pro se federal prisoner, appeals from the district court's order dismissing this action, filed when Elliott was represented by counsel, in which he alleged that the defendants had conspired to deprive him of his civil rights in connection with the revocation of his presumptive parole release date. Elliott also sought damages from defendants pursuant to 18 U.S.C. Sec. 2520 because they allegedly had intercepted oral and wire communications between himself and his counsel.
 
 
 3
 After a review of the magistrate's report and Elliott's objections, the district court adopted the magistrate's recommendation and dismissed the case as being without merit. Elliott has filed a timely appeal challenging the district court's dismissal. He has also filed a separate motion seeking the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's judgment.
 
 
 5
 Elliott's claims for damages against the United States are barred by the doctrine of sovereign immunity. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir.1988) (per curiam). See also Payton v. United States, 679 F.2d 475, 480-81 (5th Cir.1982).
 
 
 6
 Elliott's claim for relief for deprivation of his civil rights pursuant to 42 U.S.C. Sec. 1985 was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Elliott has failed to plead any facts showing that the alleged conspiracy was motivated by racial or other class based, invidiously discriminating animus. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).
 
 
 7
 Elliott's claims for damages for the alleged interception of oral and wire communications between himself and his counsel were properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Elliott's complaint did not identify either a single instance where the oral or wire communications were intercepted or even a particular communication which was intercepted. Such vague and conclusory allegations are insufficient to state a claim. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 8
 Elliott's remaining claims which challenge the revocation of his parole, the redetermination of his presumptive parole release date, and the evidence relied on by the parole commission in reaching these decisions, were also properly dismissed. Elliott failed to assert a claim cognizable under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because he failed to sue individual federal officers and because he can seek redress for the alleged violations under 28 U.S.C. Sec. 2241.
 
 
 9
 For these reasons, the motion for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.