908 F.2d 966
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wayne H. DELONG, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, J.H. Thomas, Defendants-Appellees,
and
S.W. BROOKS, G.E. Sutton, D.G. Spannbauer, Unknown Federal
Internal Revenue Service Agents, whose names are
indicated by the records of the Internal
Revenue Service, Defendants.
 No. 89-2206.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 10, 1990.
Decided July 10, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (C/A No. 88-448-R)
 Wayne H. DeLong, appellant pro se.
 Gary R. Allen, Ann Belanger Durney, Kenneth W. Rosenberg, United States Department of Justice, Washington, D.C., John Perry Alderman, Office of the United States Attorney, Roanoke, Va., for appellees.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wayne H. DeLong appeals from the district court's order dismissing his Bivens[1] tort action. DeLong named the Internal Revenue Service (IRS), Agents Thomas, Brooks, Sutton, Spannbauer, and unknown agents indicated by IRS records as defendants, each in his individual capacity. The IRS was dismissed on sovereign immunity grounds, and defendants Brooks, Sutton, and Spannbauer were dismissed for lack of proper service. DeLong appeals only the court's dismissal of the IRS and Agent Thomas. The claims that remained were as follows: (1) Thomas commenced an unlawful investigation under color of law that resulted in deprivation of property without due process of law; (2) Thomas committed fraud, perjury, slander, and libel when he delivered to a third party a "Notice of Levy on Wages, Salary, and Other Income," which stated that a lawful lien was placed on DeLong's property and specified the amount owed; (3) Thomas failed to make demand or give notice before DeLong's property was seized; (4) Thomas committed wire fraud; and (5) on or about March 23, 1988, Thomas proceeded onto DeLong's property beyond a locked gate with a sign saying "No Trespassing."
 
 
 2
 The district court noted that the complaint stated that defendants acted "under color of law," "under the color of office," and "under the color of authority" and found that, although the defendants were sued in their individual capacities, the use of such language indicated they were actually being sued in their official capacities. The court held that suing individuals in this fashion could not be used to circumvent the bar of sovereign immunity.
 
 
 3
 The only distinction, however, between personal-capacity and official-capacity suits is on whom the plaintiff is seeking to impose liability; in both cases, the official is acting under color of law. See Kentucky v. Graham, 473 U.S. 159 (1985); see also Todd v. United States, 849 F.2d 365 (9th Cir.1988) (court dismissed suit against agents sued in their official capacities on sovereign immunity grounds but declined to dismiss those sued in their individual capacities); accord Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113 (6th Cir.1988). DeLong's statement that his suit is against Thomas, individually, for violation of his constitutional rights under color of law renders it a personal-capacity suit.[2]
 
 
 4
 While the defense of sovereign immunity is unavailable to those sued in personal-capacity suits, defenses of absolute or qualified immunity may still be available. Graham, 473 U.S. at 166-67. Government officials performing a discretionary function are immune from damage suits "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The refashioning of the qualified immunity doctrine by the Harlow court was designed to permit the resolution of many insubstantial claims on summary judgment. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Unless the complaint alleges a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery. Id.
 
 
 5
 Thomas is entitled to qualified immunity because his actions were clearly authorized by specific provisions of the Internal Revenue Code. See I.R.C. Secs. 6323, 6331, 6332, 7601. Even if notice was not given before DeLong's property was levied in accordance with I.R.C. Sec. 6331(d), Thomas does not lose his qualified immunity. See Davis v. Scherer, 468 U.S. 183 (1984) (qualified immunity for violation of constitutional rights is not lost for failure to adhere to some statutory or administrative provision); see also Augustine v. McDonald, 770 F.2d 1442, 1445 (9th Cir.1985) (allegation that violation of state garnishment statute resulted in due process violation insufficient to defeat qualified immunity).
 
 
 6
 DeLong's various tort claims must be brought under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671 et seq.[3] However, because the FTCA explicitly bars damages actions arising from assessment or collection of taxes, DeLong is not entitled to damages. See 28 U.S.C. Sec. 2680(c).[4]
 
 
 7
 DeLong raises numerous other claims which are also without merit. We therefore affirm the district court's dismissal. DeLong v. Internal Revenue Service, C/A No. 88-448-R (W.D.Va. Sept. 7, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Each of the cases the district court cited supports its holding that simply naming an individual as a federal defendant will not preclude the defense of sovereign immunity. See, e.g., Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). However, Gilbert goes on to state that those defendants sued in their individual capacities for violations of constitutional rights should not be dismissed on grounds of sovereign immunity. Id
 
 
 [3]
 DeLong claims that it is a question of fact whether Thomas was acting within the scope of his employment when he committed the alleged torts so as to bring his claims under the FTCA. However, if Thomas was not acting within the scope of his employment, then his claims are merely common law tort claims for which state court would be the appropriate forum. Thus, to determine whether DeLong is entitled to any recovery at all in federal court, it is necessary to assume that Thomas was acting within the scope of his employment
 
 
 [4]
 I.R.C. Sec. 7433 provides for a damages remedy for reckless or intentional disregard for any tax law while collecting taxes. However, DeLong filed his complaint before the effective date of this provision