915 F.2d 1574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maralyn K. WALTON, Administratrix for the Estate of Phillip
Mitchell, Plaintiff-Appellant,
v.
William H. DALLMAN, Supt., Paul Hill, Officer, Jerry
Laforge, Officer, McVey, Officer, Jesse White,
Officer, Thomas Metcalf, Captain, Ron
Campbell, Jr., Roger Dale
Powers, Defendants-Appellees.
 No. 90-3285.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This Michigan plaintiff, through counsel, appeals the district court's judgment dismissing her civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff Maralyn Walton, administratrix for the estate of Phillip Mitchell, sought monetary and injunctive relief on behalf of the decedent. Walton alleged that defendants, employees of the Lebanon (Ohio) Correctional Institution (LCI), violated the civil rights of the decedent by their deliberate indifference to his safety and gross negligence in the performance of their duties. While an inmate at LCI, Mitchell was fatally stabbed by another prisoner. The assailant was also named as a defendant but was not served. Walton did not specify the capacities in which defendants were sued.
 
 
 3
 After Walton filed an identical complaint against the state of Ohio in the Ohio Court of Claims, defendants (exclusive of the inmate) filed a motion to dismiss for lack of jurisdiction. Walton filed a motion to stay the district court proceeding pending disposition of the suit filed in the Court of Claims. The district court granted defendants' motion and dismissed the complaint.
 
 
 4
 At the outset we note that the judgment dismissing claims against the state employees is a final appealable order. The defendant inmate was never served and is not a party to the action. See Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir.1988) (per curiam).
 
 
 5
 Upon review, we conclude that the district court abused its discretion by dismissing the underlying action while the related proceeding in the Court of Claims was pending. The district court correctly observed that a suit against the state in the Court of Claims operates as a waiver of claims against its employees. See Ohio Rev.Code Sec. 2743.02(A)(1). However, the waiver is void if the Court of Claims determines that the employees' actions were ultra vires or malicious. See Leaman v. Ohio Dep't of Mental Retardation, 825 F.2d 946, 952-53 (6th Cir.1987) (en banc), cert. denied, 487 U.S. 1204 (1988). A plaintiff's ability to pursue a remedy against individual employees rests upon this determination. See 825 F.2d at 952-53. Contrary to defendants' assertions, the filing of a claim against the state does not necessarily divest the federal court of jurisdiction over claims against individual employees.
 
 
 6
 Nonetheless, we further conclude that the district court properly dismissed the complaint and affirm that decision on alternate grounds. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 7
 To the extent Walton seeks monetary relief, the defendants are not subject to suit under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304 (1989); Wells v. Brown, 891 F.2d 591, 592-93 (6th Cir.1989). Walton maintained that defendants were negligent in the performance of their official duties. Because she "characterized each official's conduct in terms of their official capacities," claims for monetary relief were properly dismissed for lack of jurisdiction. See 891 F.2d at 593.
 
 
 8
 To the extent Walton sought injunctive relief, her claims were properly dismissed because Walton lacks standing to assert the constitutional rights of other inmates. See Newsom v. Norris, 888 F.2d 371, 381-82 (6th Cir.1989).
 
 
 9
 Additionally, the complaint was subject to dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Walton's allegation that defendants were grossly negligent for failing to respond to Mitchell's needs for protection does not state a constitutional claim. See McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). Moreover, her allegation that defendants failed to respond when Mitchell advised them that he was at risk does not establish deliberate indifference to his needs. See Davidson v. Cannon, 474 U.S. 344, 348 (1986); McGhee, 852 F.2d at 881.
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.