4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John KRUSINSKI, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD SAFETY AND
INSPECTION SERVICE, MEAT AND POULTRY INSPECTION OPERATIONS;
Robert Osborn; Michael Hall; Alfred T. Winn; Howard
Wright; Donald O. Edwards, In their Official and Individual
Capacities, Defendants-Appellees.
 No. 92-4026.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, John Krusinski, appeals the decision of the United States District Court for the Northern District of Ohio, Eastern Division, dismissing his complaint filed on May 8, 1986, against the United States Department of Agriculture (USDA) and five individual defendants, viz., Robert Osborn, Michael Hall, Alfred T. Winn, Dr. Howard Wright, and Dr. Donald O. Edwards. All five individuals were employed by the USDA. Plaintiff alleged his poultry business suffered losses due to the actions of defendants in violation of his due process rights (plaintiff's right to property) and equal protection rights (plaintiff alleges defendants discriminated against him because he is of Polish descent). The matter was referred to a Magistrate Judge. On May 29, 1992, the Magistrate Judge filed a Report and Recommendation which advocated the granting of summary judgment as to the defendant USDA and all defendants in their official capacity, but not as to the defendants in their individual capacity. The district court prematurely accepted the Magistrate Judge's report though both plaintiff and defendants had timely filed their Objections to the Magistrate Judge's Report. The district court vacated its order and considered the timely filed objections. Nevertheless, the district court ultimately adopted the Magistrate Judge's Report. Defendants filed a Motion For Reconsideration on July 16, 1992. On July 30, 1992, plaintiff filed a motion requesting a ten day extension of time to respond to defendants' motion. On July 31, 1992, the district court granted defendants' Motion For Reconsideration and dismissed the case as to the individual defendants. Plaintiff filed a timely Notice of Appeal.
 
 I.
 
 2
 Plaintiff is the owner and operator of a meat and poultry company, Krusinski's Finest Meats, which prepares meat and poultry for wholesale distribution. He was born in Poland and is a naturalized citizen of the United States. Defendants Osborn and Hall are USDA inspectors in the Food Safety and Inspection Service (FSIS) division. Defendant Winn was the FSIS circuit supervisor for the region which included plaintiff's business. Defendant Wright was an FSIS assistant area supervisor, and defendant Edwards an FSIS area supervisor for plaintiff's area. On July 10, 1980, plaintiff's business became subject to federal inspection (it had formerly been subject only to state inspection). The USDA is a government entity charges with ensuring that meat and poultry distributed for human consumption is safe and accurately labeled. See The Federal Meat Inspection Act, The Poultry Products Act, and the regulations governing said acts, 21 U.S.C. Sec. 601, et seq.; 21 U.S.C. Sec. 451 et seq.; 9 C.F.R. Chapter III. On November 22, 1983, at plaintiff's request, the USDA and plaintiff initiated a total plant quality control system (TQC) to ensure both cost effectiveness and quality control. As part of a TQC plan, inspections are performed by the Food Safety and Inspection Service.
 
 
 3
 On March 13, 1985, the USDA withdrew its TQC approval based on plaintiff's alleged failure to maintain the required standards in sanitation and a failure to follow the TQC system plan. On December 16, 1985, the plant was placed under Intensified Regulatory Enforcement because it operations chronically fell below FSIS standards.
 
 
 4
 Krusinski asserts that he was repeatedly harassed by the inspectors because of his Polish heritage. He complains that the inspectors made him perform work that was not required and compelled plaintiff to clean up cigarette butts and other refuse left by the inspectors. Plaintiff argues that the plants' operations were continually and unjustly being shut down so that he could comply with the inspectors orders, resulting in lost profits and emotional harm.
 
 
 5
 The government notes inspections were delayed at times due to plaintiff's alleged harassment of the USDA inspectors which included physical threats made to the inspectors. As a result, plaintiff's son, John Krusinski, Jr., was required to deal with the inspectors without plaintiff being present.
 
 II.
 
 6
 Plaintiff contends the district court erred by not ruling on his Motion For Extension of Time. This motion requested extra time to respond to defendant's motion for reconsideration. Plaintiff's motion was timely filed on July 30, 1992. The district court issued its ruling on July 31, 1992. The district court's memorandum states that defendant's motion for reconsideration was unopposed. Plaintiff argues that the district court's failure to rule on his motion was an abuse of discretion. Plaintiff further asserts that had the court allowed him an extension of time, defendant's Motion For Reconsideration would not have been unopposed.
 
 
 7
 Defendants first contend that it is understandable that the district court failed to rule on plaintiff's motion given the close proximity of time in which the motion was filed and the district court ruled. The government is apparently implying that the district court order was prepared in advance of the deadline and that the district court would not want to alter its order. Such an argument is without merit. Plaintiff's motion requesting an extension of time was timely filed. A court cannot shorten, nor do we think the district court intended to shorten, the time period for filing motions on the pretense that it had already prepared its memorandum. All plaintiffs are entitled to the full period available under the law for filing motions.
 
 
 8
 Defendants next argue that plaintiff did, in fact, place his arguments before the district court. Defendants assert that in plaintiff's brief in opposition to defendant's Motion For Reconsideration filed on August 7, 1992, plaintiff merely reiterated arguments that he had already raised in the district court. Therefore, defendant's conclude, plaintiff was not prejudiced by the district court's failure to rule on his motion.
 
 
 9
 In the case at bar, it must be noted that plaintiff filed his original motion almost six years prior to the district court's ruling. The Magistrate Judge recommended that the individual defendants should not be dismissed from the law suit. Defendants then filed their Motion To Reconsider this issue. Plaintiff filed a timely Motion For Extension of Time to respond to defendants' motion with an affidavit fully explaining why more time was required.
 
 
 10
 The granting of a Motion For Extension of Time is reviewed under an abuse of discretion standard. FED.R.CIV.P. 6(b). This court recently considered a similar issue in the context of a motion to amend. This court reiterated its position that "when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred." Thompson v. Superior Fireplace Co., 931 F.2d 372, 374 (6th Cir.1991) (per curiam) citing Marks v. Shell Oil, 830 F.2d 68, 69 (6th Cir.1987) [a]ccord Ellison v. Ford Motor Co., 847 F.2d 297, 300-301 (6th Cir.1988) (per curiam). Likewise in the case at bar, it is clear the district court did not consider plaintiff's motion for an extension of time. We know this to be true since the district court specifically noted that defendants' Motion For Reconsideration was unopposed. It was obviously unopposed because plaintiff needed more time to prepare a response. Plaintiff's motion requesting the extension of time specifically stated that more time was needed to properly prepare a response to defendant's motion. Seemingly valid reasons for needing this extension were supplied in the form of an affidavit from plaintiff's lawyer. Accordingly, it appears the district court abused its discretion by failing to consider plaintiff's timely filed motion.
 
 III.
 
 11
 Plaintiff contends the district court erred by granting defendants' motion for reconsideration which granted defendants' motion to dismiss the claims against the defendants' in their individual capacities. The Magistrate Judge recommended that defendants motion to dismiss be denied. The district court accepted the magistrate judge's recommendation. Defendants filed a Motion For Reconsideration. Then, without allowing plaintiff an extension of time to respond, the district court granted defendants' motion for reconsideration and dismissed the claims as to the defendants in their individual capacity. Plaintiff argues that this was error, that he adequately stated a claim upon which relief could be granted, to-wit: a deprivation of his due process and equal protection rights.
 
 
 12
 This court will review the granting of a motion to dismiss de novo. Thompson, 931 F.2d at 374; American Eagle Credit Corp. v. Gaskins, 920 F.2d 352, 353 (6th Cir.1991). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 13
 In the case at bar, defendants asserted the defense of qualified immunity. This court will review such an assertion de novo. Meyers v. City of Cincinnati, 979 F.2d 1154 (6th Cir.1992). The doctrine of sovereign immunity does not bar damage actions against federal officials who have been sued in their individual capacities for violation of a plaintiff's constitutional rights. Ecclesiastical Order of the ISM of Am. Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir.1988) (per curiam) (citations omitted). In the case sub judice, a fair reading of the complaint demonstrates that each defendant was named individually for actions exceeding the official scope of his duties. Plaintiff alleges violations of both his due process rights and his equal protection rights. Viewing the evidence in a light most favorable to plaintiff, plaintiff has definitely stated a cause against the individual defendants upon which relief can be granted. Accordingly, the district court erred by dismissing the claims against the individual defendants.
 
 
 14
 Plaintiff also contends that the district court applied the wrong standard of review. Plaintiff argues that although the district court stated its decision in terms of a FED.R.CIV.P. 12(b)(6) dismissal, the district court actually dismissed the case pursuant to FED.R.CIV. 56(c), Summary Judgment. In light of our previous holding that plaintiff's complaint was wrongly dismissed, this court need not address this issue.
 
 IV.
 
 15
 Plaintiff also claims the district court erred in dismissing his claims against the USDA and the agents in their official capacities. Plaintiff argues that it would have been futile to attempt to resolve his claims via administrative avenues. As proof of this, plaintiff notes that an administrative claim was filed two years after the complaint was filed in the instant case and that it still had not been ruled on.
 
 
 16
 Initially, it must be noted that the Magistrate Judge's recommendation, subsequently adopted by the district court, states two grounds for dismissing plaintiff's claims. The court first noted that plaintiff had failed to demonstrate that the United State government had waived its sovereign immunity. Secondly, the court noted that plaintiff had administrative remedies available to him which he failed to use.
 
 
 17
 There is no question that the United States is immune from suit under the doctrine of sovereign immunity. United States v. Shaw, 309 U.S. 495, 500-01 (1940). Furthermore, merely naming the United States or its agents in a law suit does not avoid this immunity. Ecclesiastical Order of the ISM of Am, Inc., 845 F.2d at 115. Plaintiff has cited no authority which would allow him to proceed on his constitutional claims.
 
 
 18
 Plaintiff could bring suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671, et seq. As the Supreme Court noted, this Act is "the exclusive mode of recovery for the tort of a Government employee even when the [Act] itself precludes government liability." United States v. Smith, 111 S.Ct. 1180, 1185 (1991). However, before bringing a FTCA claim, plaintiff is required to first exhaust his administrative remedies. Lundstrom v. Lyng, 954 F.2d 1142, 1145 (1991); 28 U.S.C. Sec. 2675(a).
 
 
 19
 In the case at bar, plaintiff argues that he is not required to exhaust his administrative remedies if it would be a futile act. The burden of proving the futility of exhausting administrative remedies rests upon plaintiff. Crocker v. Tennessee Secondary Sch. Athletic Ass'n., 873 F.2d 933, 937 (6th Cir.1989). In the case at bar, plaintiff has failed to meet this burden. Although on appeal he suggests that the delay required in pressing for administrative relief would have resulted in his business going into bankruptcy, he failed to introduce sufficient evidentiary proof on this matter. Moreover, as defendants note in their brief, plaintiff would only have been required to wait six months for the federal agency to rule. Pursuant to 28 U.S.C. Sec. 2675(a), after six months, if a federal agency has failed to issue a ruling, the claimant may file suit on the claim in federal court. Hence, the district court properly dismissed plaintiff's claims for failure to exhaust his administrative remedies.
 
 V.
 
 20
 The Order of the District Court is REVERSED IN PART and AFFIRMED IN PART and REMANDED. The case is reversed and remanded as to those claims against the defendants in their individual capacity only. The Order of the district court is affirmed as against the USDA and the individual defendants in their official capacity.
 
 
 21
 SUHRHEINRICH, Circuit Judge, concurring in part and dissenting in part.
 
 
 22
 I concur in the majority's decision to affirm the dismissal of plaintiff's claims against the United States Department of Agriculture and the five individual defendants in their "official capacit[ies]." Maj.Op. at 9. Respectfully, however, I must dissent from the majority's decision reversing the district court's dismissal of plaintiff's claims against the five individual defendants in their "individual capacit[ies]." Maj.Op. at 9.
 
 
 23
 Complaints attempting to state a so-called Bivens cause of action are subject to the same heightened pleading requirements applied to claims under 42 U.S.C. Sec. 1983. Nuclear Transport & Storage v. United States, 890 F.2d 1348 (6th Cir.), cert. denied, 494 U.S. 1079 (1989). Thus, the plaintiff in this case was required to "set forth clearly in [his] pleading that [he is] suing the ... defendants in their individual capacity for damages, not simply in their [official] capacity...." Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). This he did not do.
 
 
 24
 The caption of plaintiff's complaint does not state whether the individual defendants were being sued in their official or individual capacity.[1] Plaintiff, however, lists the address of each defendant as "c/o United States Department of Agriculture." Most importantly, paragraph six of the complaint lists each of the individual defendants and states that they were "at all times herein relevant employees of the defendant agency, and acted at all relevant times pursuant to the authority granted them in the official capacities as employees of the agency." [Emphasis added.]
 
 
 25
 Throughout the complaint, allegations of misconduct are ascribed simply to the "defendants." Not only does this term encompass the agency as well as the individuals, it includes individuals who dealt personally with plaintiff as inspectors at his plant and also includes supervisors who have never seen plaintiff or been to the plant. With a single exception not amounting to a constitutional violation, the complaint fails to ascribe any particular act to any particular defendant. Rather, plaintiff's complaint employs a "shotgun" approach; throwing everything against the wall and hoping some sticks.
 
 
 26
 Plaintiff's complaint fails to invoke the court's jurisdiction in that it has not plead with sufficient particularity the capacity in which the defendants are being sued. It fails to allege that any particular defendant committed any particular act. It fails to allege any one act, or a totality of actsm, that constitutes a constitutional violation. Finally, the complaint fails to show a violation of clearly established law such that defendants' defense of qualified immunity will not lie. The heightened pleading requirements for suits against the government and its actors are designed to weed out, at an early stage, frivolous lawsuits. These policies are ill-served by the majority's decision in the present case. While I concur in the bulk of the majority's opinion, I respectfully dissent from Section III., Maj.Op. 6-7, and would affirm the district court in all respects.
 
 
 
 [1]
 The caption to the majority's opinion states that the individual defendants are being sued "In their Official and Individual Capacities." It should be noted, however, that neither plaintiff's complaint, nor his Notice of Appeal, so states