95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert D. WILLIAMS, Plaintiff-Appellant,
v.
Thomas O. SECOR, Assistant U.S. Attorney; Department of
Justice; Nicholas J. Walinski, U.S. Judge; Janet
Reno, Attorney General, Defendants-Appellees.
 No. 95-4259.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Robert D. Williams appeals pro se from a district court judgment dismissing a civil rights case, which we construe as having been filed under the authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams's criminal sentence for distributing cocaine base was vacated after he served 30 months of imprisonment, because his guilty plea did not fully comply with Fed.R.Crim.P. 11. In his civil rights complaint, Williams alleged that his constitutional rights were violated by the Assistant United States Attorney who had prosecuted him and by the federal judge who had accepted his guilty plea. He also sued the United States Department of Justice and the United States Attorney General under a theory of respondeat superior. On November 13, 1995, the district court dismissed WIlliams's civil case as frivolous, under 28 U.S.C. § 1915(d). It is from this judgment that Williams now appeals.
 
 
 3
 A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d), if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the dismissal of a case under § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). The district court did not abuse its discretion here.
 
 
 4
 Initially, we note that Williams sought only monetary relief in his complaint. Absent an express waiver, the doctrine of sovereign immunity bars claims for monetary relief that are brought against the United States, its agencies or its employees in their official capacity. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir.1988) (per curiam). The Department of Justice is a federal entity, and the individual defendants were presumptively sued in their official capacity as federal employees because the complaint does not indicate that they were being sued as individuals. See Wells v. Brown, 891 F.2d 591, 592-93 (6th Cir.1989). Thus, Williams's claims were barred by the doctrine of sovereign immunity. See Ecclesiastical Order of the Ism of Am, Inc., 845 F.2d at 115-16.
 
 
 5
 Dismissal was also appropriate for the reasons well-stated by the district court. The specific claims that Williams raised against the prosecutor all involve the decision to prosecute and the presentation of the government's case. Hence, these claims were properly dismissed because these activities fell within the ambit of prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).
 
 
 6
 Williams alleged that the trial judge violated his constitutional rights by failing to engage him in a proper colloquy regarding his understanding and acceptance of the plea agreement and presentence investigation report. However, the trial judge was protected by absolute judicial immunity, as there is no indication that he lacked jurisdiction over Williams's criminal case and it is clear that the acceptance of Williams's guilty plea was a judicial action, despite the apparent violation of Rule 11. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam).
 
 
 7
 The district court also properly dismissed Williams's claims against the Justice Department and the Attorney General because they are based on the bare assertion of respondeat superior. See Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995) (per curiam).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.