**Ron MORRISON, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE; Steven L. Berk; John Gibbs; United States of America, Defendants–Appellees.**

No. 01–3516.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

*ORDER*

Ron Morrison, proceeding pro se, appeals a district court judgment dismissing his civil complaint filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, the government alleged that Morrison owed the Internal Revenue Service (IRS) $117,844.90. In order to collect the money, the IRS issued a "Notice of Levy" to the Agriculture Stabilization & Conservation Service (ASCS). Morrison, a farmer, had a United States Department of Agriculture (USDA) Production Flexibility Contract with ASCS and was entitled to certain payments under that contract. In response to the Notice of Levy, the County Executive Director (Berk) of the USDA Licking County Farm Service Agency (FSA) and the Claims Officer at the Ohio State FSA Office (Gibbs), turned money otherwise owed to Morrison over to the IRS. Morrison filed a claim with the USDA, pursuant to the FTCA, arguing that Berk and Gibbs had wrongfully turned over his property to the IRS. The USDA denied Morrison's claim.

Seeking monetary relief, Morrison sued the USDA, Berk and Gibbs, essentially claiming that the defendants wrongfully turned over his property to the Internal Revenue Service. Thereafter, the district court determined that the United States was the only proper defendant in this action, and dismissed the claim against Berk and Gibbs. Upon review, the district court granted the government's motion to dismiss for lack of subject matter jurisdiction.

Morrison has filed a timely appeal essentially reasserting his claim. He maintains that the court did have jurisdiction because he did not file suit in an attempt to "stop the assessment or collection of any tax." Moreover, he argues that the government did not establish that he was liable for any legally imposed tax.

Upon review, we conclude that the district court properly dismissed Morrison's complaint because it lacked jurisdiction over this matter. The federal question statute, 28 U.S.C. § 1331, authorizes jurisdiction over all civil actions for which the government has consented to be sued. The FTCA permits suits against the feder-

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

al government when its employees commit negligent torts. 28 U.S.C. § 2680. However, the FTCA's waiver of sovereign immunity is limited by exceptions listed in 28 U.S.C. § 2680. Section 2680(c) provides that any claim arising with respect to the assessment or collection of any tax is beyond the scope of the FTCA's consent to suit. *Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115 (6th Cir.1988). Despite Morrison's arguments to the contrary, a review of his complaint clearly establishes that his claim arises from an activity in which tax liability is assessed and/or collected. Because Morrison's claim is based on the collection of a tax, the district court correctly concluded that, in the absence of a waiver of sovereign immunity, it lacked jurisdiction over the claim.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.