**Lawrence W. BLESSINGER, Plaintiff,**

**v.**

**The UNITED STATES of America; Department of Transportation; Secretary of the Department of Transportation; United States Coast Guard; Commander of the Coast Guard; Department of Defense; United States Army; Commander of Fort Totten; Machinery Technician Second Class Robert Chianok; Petty Officer Gene Gibson; Fireman "John" Keagel, whose first name is as yet unknown; All Named Individuals Being Current Members of the United States Coast Guard, Defendants.**

No. 92 CV 2710(SJ).

United States District Court,
E.D. New York.

July 17, 1997.

Anthony V. Lombardino, Richmond Hill, NY, for Plaintiff.

Zachary W. Carter, U.S. Attorney, E.D. New York, by Richard K. Hayes, Asst. U.S. Atty., Brooklyn, NY, for U.S.

## *ORDER*

JOHNSON, District Judge:

### BACKGROUND

The Plaintiff, Lawrence Blessinger, filed his original complaint in this Court on June 8, 1992, and filed an amended complaint on June 15, 1992. The complaint alleges a civil rights violation under 42 U.S.C. § 1983. The Plaintiff alleges injuries resulting from the acts of members of the United States Coast Guard occurring June 10, 1991.[1]

According to letters submitted to the Court by Michael Krome, prior counsel for the Plaintiff, requested assistance with service from the Coast Guard's legal department. Krome was told by a Lieutenant Kenney at the legal department to serve the Coast Guard Defendants at the First District Office of the Coast Guard, the office supervising Fort Totten, where the alleged acts occurred. Lieutenant Kenney also told Krome that he could not release the whereabouts of the named Defendants. Krome did not specifically inquire about where to serve the individual named Defendants.

Plaintiff then attempted to serve the complaint on both the Coast Guard and the individually named Defendants via certified mail to the First District of the United States Coast Guard June 23, 1992. A representative of the First Coast Guard District, Assistant Legal Officer Lieutenant Commander John Asterly, returned the services packages to Krome the next week with a letter stating that his office could not accept service on behalf of the named Defendants. Asterly gave no further guidance as to how to proceed in finding the named Defendants.

After numerous conferences and discovery taking place over more than three years, the Defendants requested permission from Magistrate Judge Mann to file a motion for summary judgment. The Magistrate granted the Defendants leave to move for summary judgment on the ground that the Plaintiff filed to effectuate service on the individually named Defendants pursuant to Federal Rule of Civil Procedure 4(m). The Defendants claim that the Plaintiff has never properly served the individually named Defendants, and that since the three year statute of limitations has expired, that the Court should dismiss the complaint and award summary judgment as to those Defendants. The Defendants' motion is denied.

### DISCUSSION

Federal Rule of Civil Procedure 4(m), states:

> If service of the summons and complaint is not made upon the defendant within 120 days after filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

█ Rule 4(m), effective December 1, 1993 amended Rule 4(j), and retroactively applies to all pending civil cases. The amendment

---

1. Plaintiff's action is interpreted as a *Bivens* claim. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The United States government can not be sued under § 1983.

allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show good cause. If the plaintiff has shown good cause, the extension is mandatory. *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995) citing *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305–06 (3d Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 1449, 137 L.Ed.2d 554 (1997).

 Two factors are relevant in a court's evaluation of good cause: "(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Bloomer v. City of New York,* 89 CV 592, 1994 WL 92388, at *4 (E.D.N.Y. Mar. 3, 1994) (citations omitted). For the reasons stated below, the Court concludes that the Plaintiff has shown good cause for his failure to serve the complaint within the required time period.

The actions of the Coast Guard representatives in large part explain the Plaintiff's failure to serve the individually named Defendants. Plaintiff's counsel made a sincere attempt to send the complaint to the proper parties, and requested information from Coast Guard authorities; those who would be reasonably expected to know the whereabouts of Coast Guard members. Counsel received no cooperation and could only serve the individual Defendant's complaints on the Coast Guard. The Court does not accuse the individual Defendants of actively evading service.[2] The Coast Guard, however, knew of both the suit and the individuals involved, and made no effort to assist in service. The Court has every reason to believe that the Coast Guard, the primary beneficiary of having these Defendant's removed from the suit, did evade the service of its members with the hope of having the entire matter disposed of without having to address the merits of Plaintiff's claims. *See* advisory committee note to Rule 4(m) of the 1993 amendments to the Federal Rules of Civil Procedure (good cause includes instances where "defendant is evading service."). The Plaintiff was reason-able in his effort to serve, and has therefore established good cause for his failure to serve the named Defendants.

Furthermore, the individually named Defendants assert no prejudice resulting from the delay. While the individual Defendants' were not formally served with the complaint, it only stands to reason that in its attempt to defend the suit, the United States Attorney and the other Defendants have made these parties aware of the suit. Indeed, if the named Defendants were not notified, it is at least partially the responsibility of the Coast Guard, the party having knowledge of the suit and the whereabouts of the individuals involved, and the United States Attorney's Office, who prosecuted the criminal case against Mr. Blessinger for assault on the individual Defendants.[3] "The court has the right to expect reasonable assistance from members of its bar." *Bloomer,* 1994 WL 92388, at *3.

Extensions of the service requirement also may be warranted in some cases where the statute of limitations has expired, as it has in this case, and the Plaintiff would be denied the opportunity to litigate a potentially meritorious claim. *See* Advisory Committee Note to Rule 4(m) of the 1993 Amendments to the Federal Rules of Civil Procedure [hereinafter "Committee Note"] ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action.").

The government waited to file the present motion to dismiss after the applicable statute of limitations expired, when it could have filed at any time beyond the 120 day service expiration date. Such tactics are greatly disfavored by courts and generally interpreted as a method to dismiss a suit without having to address its merits. This Court believes, as have others that "[i]t is reprehensible for the United States Attorney to wait until after the 120 days for service under Rule 4(j) to have expired along with the statute of limitations prior to making this motion to set aside the service as insuffi-

---

**2.** Should the Court receive any indication that the individual Defendants will be severely prejudiced by the actions of the Coast Guard, the Court will take appropriate measures to remedy that prejudice.

**3.** The case against Mr. Blessinger was dismissed pursuant to Rule 29.

cient." *Zankel v. United States,* 921 F.2d 432, 437 (2d Cir.1990) *quoting Vance v. United States,* 126 F.R.D. 14, 15 n. 1 (E.D.N.Y. 1989); *see also Bloomer,* 1994 WL 92388, at *4.

The Advisory Committee also states that extensions are permissible to allow a plaintiff "to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." *See* Committee Note to Rule 4(m). Also following a similar line of reasoning is Federal Rule of Civil Procedure 4(i)(3), which states;

> [t]he court shall allow a reasonable time for the service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States *if the plaintiff has effected service of either the United States attorney or the Attorney General of the United States.*[4]

The situation described in 4(i)(3) is cited by the Advisory Committee as an instance of "good cause" requiring a court to extend the plaintiff's time for service. *Espinoza,* 52 F.3d at 842.

### CONCLUSION

The Defendants' motion for summary judgment is denied. The Plaintiff is directed to serve the complaint upon the named Defendants within sixty (60) days of the date of this order.[5] The United States Attorney, as well as the Coast Guard, are hereby ordered to provide any assistance necessary for the Plaintiff to identify these Defendants and their whereabouts in a timely manner in order to effectuate service. The parties shall then request the assistance of Magistrate Judge Mann regarding the need for any fur-

ther settlement negotiations or outstanding discovery. SO ORDERED.

---

4. The government cites as support this Court's holding in *Nobriga v. Dalton,* 94 CV 1942, 1996 WL 294354 (E.D.N.Y. May 28, 1996). *Nobriga* is easily distinguished from the case at bar because the Plaintiff in that case did not serve the Attorney General or the United States attorney. Furthermore, the plaintiff only cited an internal office error for his failure to serve, and thus did not establish good cause.

5. As stated above, while the Court has reason to believe that the individually named Defendants are indeed aware of this suit, the Court is not at liberty to waive service and must order that the Plaintiff comply with the requirements of Rule 4(m).