**Ronnie HARRIS, Plaintiff,**

v.

**CITY OF CLEVELAND,
et al., Defendants.**

No. 5:98CV00058.

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 26, 1999.

Edward L. Gilbert, law offices of Edward L. Gilbert, Akron, OH, for plaintiff.

Michael Anne Johnson, Office of the U.S. Attorney, Cleveland, OH, Patricia Ambrose Rubright, John Christopher Reece, City of Akron, Law Dept., Akron, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Motion of the Defendants' to Dismiss the Second Amended Complaint (Dkt.# 91) pursuant to FED.R.CIV.P. 12(b)(1), (2), (5) and (6). The Motion was filed on behalf of Cleveland Police Officers Debra Harrison ("Harrison") and Henry O'Bryant ("O'Bryant"), Geauga County Deputy Sheriff James A. Gilchrist ("Gilchrist"), and Akron Police Officer Raphael Caprez ("Caprez"). These police officers were Drug Enforcement Administration ("DEA") Task Force Officers ("TFOs") at the time of the incident giving rise to this case.[1] The Motion was also filed on behalf of DEA Resident Agent in Charge James P. Hummel ("Hummel"). For the reasons set forth below, Defendants' Motion (Dkt.# 63) is **GRANTED**.

### FACTS

On January 13, 1997, Plaintiff Harris arrived at Cleveland Hopkins Airport on a flight from Ft. Lauderdale, Florida. After debarking the plane, the Plaintiff noticed that he was being followed. The people following him were the TFOs, who were not in uniform, but rather were dressed in shabby plain clothing. (Second Amended Complaint ¶¶ 12.) The Plaintiff alleges that one of the TFOs asked to speak with him without identifying himself as a law enforcement officer, and the Plaintiff refused. (Second Amended Complaint ¶ 13.) The Plaintiff states that he refused because he was afraid of being assaulted by the shabbily dressed group. (Second Amended Complaint ¶¶ 13.)

The Plaintiff then proceeded from the point of the initial stop to the baggage claim area where he was approached again by one of the TFOs. (Second Amended Complaint ¶¶ 14–15.) The Plaintiff again refused to speak to the TFOs and told them to stay away from him and to leave him alone. (Second Amended Complaint ¶ 16.) The Plaintiff alleges that he was then grabbed by Defendants Harrison and Caprez and told that he was under arrest. (Second Amended Com-

1. The individual police defendants will be collec- tively referred to as the "TFOs."

plaint ¶ 17.) The Plaintiff states that he demanded to see the TFOs' identification, but they refused until they were inside an office where he was told that he was being charged with assault on a police officer, disorderly conduct, and resisting arrest. (Second Amended Complaint ¶ 18.) The Plaintiff was later indicted for allegedly assaulting a police officer; he was acquitted at trial. (Second Amended Complaint ¶¶ 22–23.)

On January 13, 1998, the Plaintiff filed a Complaint (Dkt.# 1) against the TFOs, local law enforcement agencies, the cities of Akron and Cleveland, and Cuyahoga County for violating his civil rights under 42 U.S.C. § 1983, the Fourth and Fifth Amendments, and for torts arising under state common law. On May 12, 1998, the Plaintiff filed an Amended Complaint (Dkt.# 41) naming the same individuals and political subdivisions and adding John Doe DEA supervisory employees. On August 13, 1998, pursuant to this Court's Order, the Plaintiff filed his Second Amended Complaint (Dkt.# 91), dropping the local entities as defendants and adding DEA Resident Agent Hummel who is in charge of the Cleveland office of the DEA.[2] The Defendants timely moved to dismiss the successive complaints filed by the Plaintiff raising in each motion, among other issues, (1) the fact that the TFOs had not been personally served; and (2) that service upon the TFOs was not perfected within the 120 days permitted under FED.R.CIV.P. 4(m) (Dkt. 25, 47, 63).

## IN PERSONAM JURISDICTION

Federal Rule of Civil Procedure 4(e)(2) states:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district of the United States . . . (2) by delivering a

copy of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

The Sixth Circuit has held that "In order to maintain a damage action against [a federal] official in his individual capacity . . . the plaintiff must bring the defendant before the court; the ordinary requirements of *in personam* jurisdiction are fully applicable." *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 116 (1988) (citations omitted). The court reasoned that "Rule [4(e)(2) ] of the Federal Rules of Civil Procedure requires personal service of a summons and complaint upon each individual defendant. Without such personal service, a district court is without jurisdiction to render judgment against the defendant." *Id.* Additionally, the Sixth Circuit held that "the fact that the defendants had actual notice of the suit is . . . immaterial."[3] *Id.* As the Court's Docket reflects, personal service was not obtained on the TFOs.

The Plaintiff also failed to personally serve the police officers within the 120–day time limit for service under FED.R.CIV.P. 4(m). Rule 4(m) states:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

---

2. The Plaintiff has asserted *Bivens* claims against the TFOs, Agent Hummel, and a John Doe DEA supervisor. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Court recognized a cause of action against federal officers in their individual capacities for violations of constitutional rights.

3. The Sixth Circuit in *Ecclesiastical Order of the Ism of Am, Inc.,* further held that although service upon the Department of Justice is sufficient to perfect service upon the defendants in their official capacities, "it cannot suffice to bring them before the court in their individual capacities." 845 F.2d at 116.

The Plaintiff's original Complaint (Dkt.# 1) was filed on January 13, 1998. The Plaintiff never personally served the TFOs with that Complaint within the 120 days permitted for service under FED.R.CIV.P. 4(m) or at any time thereafter.

■ Moreover, FED.R.CIV.P. 4(m) does not afford the Plaintiff additional 120–day periods within which to perfect service following the filing of an Amended (Dkt.# 41) or Second Amended Complaint (Dkt.# 91). *See* 4A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 1137 (1999) (collecting cases). Additional time may be granted for a plaintiff to perfect service of process where good cause is shown.[4] *See Habib v. General Motors Corporation,* 15 F.3d 72, 73 (6th Cir.1994) ("Absent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. [4(m)] compels dismissal."). It is the Plaintiff who bears the burden of establishing good cause for not serving the TFOs within 120 days of the January 13, 1998, Complaint. *See Id.* at 73.

The Plaintiff has asserted that the TFOs have intentionally evaded service and that the under-cover nature of their jobs has been a deterrent to personal service. The Plaintiff, however, has not produced evidence that any of the TFOs have intentionally evaded service. Consequently, based on the abject lack of evidence, the Court concludes that the police officers did not intentionally evade service of process in this case.

■ Additionally, the Plaintiff cannot show good cause for failing to serve the TFOs where the TFOs and their local law enforcement employers were not required to divulge their home addresses and undercover locations so that they could be personally served.[5] The Sixth Circuit in *Kallstrom v. City of Columbus,* 136 F.3d 1055 (6th Cir. 1998), held that police officers' privacy interest in preserving their home addresses and telephone numbers "do ... implicate a fundamental liberty interest, specifically their interest in preserving their lives and the lives of their family members, as well as preserving their personal security and bodily integrity." *Id.* at 1062. In *Kallstrom,* the City of Columbus released to defense counsel the home addresses, telephone numbers, and other personal information of undercover police officers involved in the apprehension and prosecution of gang members. The Sixth Circuit reasoned that the threat of violence to the undercover officers and their families was so severe that it constituted an encroachment upon their "fundamental right to privacy and personal security under the Due Process Clause of the Fourteenth Amendment." *Id.* at 1069–70. The court, in reaching its conclusion, balanced the interests of the police officers in their personal security and bodily integrity against the interest of the government in disclosing the personnel information.[6] *See Id.* at 1064–65.

Although the present case does not reach the constitutional proportions of *Kallstrom,* the reasoning is equally applicable. The Defendant police officers were undercover DEA TFOs. Integral to the performance of their jobs, their personal security, and that of their respective families, is the non-disclosure of their home address and/or exact location while working undercover. The disclosure of such information about on-duty undercover police officers could seriously jeopardize ongoing investigations and the lives of those officers involved. Additionally, requiring disclosure of personal information about under-

---

4. The Advisory Committee Notes to the 1993 Amendments to Rule 4(m) state, "A specific instance of good cause is set forth ... which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, or corporations."

5. Each Defendant police officer was employed by a local law enforcement agency simultaneously with and in addition to serving as a DEA Task Force Officer. The Plaintiff in the present case attempted to obtain personal information from the local law enforcement agencies which employed the Defendant police officers.

6. The Sixth Circuit balanced the interests of the officers against those of the government utilizing a strict scrutiny analysis because a fundamental right of the officers was at issue. *Kallstrom,* 136 F.3d at 1064. The court held that releasing the names and addresses of the undercover officers did not narrowly serve the government's interest despite the existence of a compelling government interest in public access to such information. *Id.* at 1065, 1069–70.

cover officers opens the door to a serious risk of harm to them and possibly their families. The Plaintiff should have pursued alternative means of personal service, discussed *infra,* when his initial attempts failed.[7]

The Plaintiff was on notice that the TFOs had not been personally served in their individual capacities well before the 120–day time for service expired.[8] The Plaintiff filed his first Complaint on January 13, 1998. The Defendant police officers subsequently filed a Motion to Dismiss (Dkt.# 25) on March 31, 1998, stating that dismissal was proper for lack of personal jurisdiction over them. The Plaintiff knew, upon receipt of the TFOs' Motion to Dismiss (Dkt.# 25), that personal service had not been perfected. The Plaintiff had nearly forty-five days before the time for service ran in which to properly serve the TFOs in their individual capacities. This was sufficient time to find alternate means of personally serving the TFOs.[9] The Plaintiff, through his Counsel, should have either requested of Counsel for the Government a time and place to personally serve the TFOs or requested an extension of time from the Court to comply with the requirement of personal service.[10] As such, the Plaintiff has not shown good cause why the police officers could not have been served with the January 13, 1998, Complaint within the time for service. Accordingly, this Court lacks personal jurisdiction over the TFOs in their individual capacities.

## STATE COMMON LAW TORT CLAIMS AGAINST THE TFOs

The Federal Tort Claims Act ("FTCA") governs the Plaintiff's state common law tort claims against the TFOs in their official capacities. 28 U.S.C. § 1346(b)(1) and §§ 2671–2680. Official capacity suits are treated as suits against the Government. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Such suits are barred by sovereign immunity unless the Government explicitly waives it. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (*quoting United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). The United States, pursuant to 28 U.S.C. § 2680(h), has consented to suit under § 1346(b) for

> any claim arising ... out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal Law."

7. The Sixth Circuit has held that in making an argument that good cause exists to excuse failure of service within the 120–day period, the Plaintiff "may not rely on another's delay in supplying needed information, but is obligated to pursue alternative methods in finding and serving defendant." *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991) (*citing Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988)).

8. The Plaintiff argues that he has shown good cause based upon the holding in *Blessinger v. United States,* 174 F.R.D. 29 (1997). The court in *Blessinger* held, "Two factors are relevant in a court's evaluation of good cause: '(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay.' " *Id.* at 31 (citations omitted). This Court specifically finds that based on the notice afforded the Plaintiff by the Defendants' first motion to dismiss (Dkt.# 25) the Plaintiff was not reasonable and diligent in attempting to serve the TFOs when alternative means of service were available.

9. The Plaintiff argues that he attempted to serve each of the named TFOs by certified mail and by leaving a copy of the Complaint and summons at their respective places of employment. The Court finds that the police officers were not properly served by the Plaintiff when he (1) sent copies of the Complaint and summons by certified mail; and (2) left copies of each at the TFOs' places of employment where no one was authorized to accept service of process for the TFOs in their individual capacities. As has been clearly established, personal service is the only method of service where the named defendants are federal officials being sued in their individual capacities.

10. Without such extensions from the Court, even had the Plaintiff perfected personal service upon the TFOs after filing the Amended Complaint or the Second Amended Complaint, such perfection would not have been valid outside the 120–day time for service of the January 13, 1998, Complaint.

Accordingly, the United States is amenable to suit under the FTCA for the torts allegedly committed by the TFOs.

 The FTCA requires the Plaintiff to first exhaust the administrative remedies provided in 28 U.S.C. § 2675(a). The Plaintiff, therefore, had to file an administrative claim with the appropriate Federal agency as a pre-requisite to filing an action in this Court. *See Lundstrum v. Lyng,* 954 F.2d 1142, 1145 (6th Cir.1991) ("A prerequisite to suit under the FTCA ... is the exhaustion by the plaintiff of administrative remedies."); *see also Glarner v. United States Dept. of Veterans Administration,* 30 F.3d 697, 700 (6th Cir.1994) (*citing Allen v. United States,* 517 F.2d 1328, 1330 (6th Cir.1975)). The Plaintiff has not established that he has filed an administrative claim with the appropriate Federal agency and that such claim was finally denied. As such, this Court lacks subject matter jurisdiction over the Plaintiff's state common law tort claims against the TFOs in their official capacities.

### FAILURE TO STATE A CLAIM[11]

 "A Motion to Dismiss may only be granted if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir.1991) *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purposes of a motion to dismiss, "all allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." *Ang,* 932 F.2d at 544. While the court must accept the plaintiff's *factual* allegations as true, "[t]he trial court need not accept as true [a plaintiff's] legal conclusions." *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 405 (6th Cir.1998).

The Plaintiff has failed to state a claim upon which relief can be granted against Agent Hummel, and a John Doe DEA supervisor. This Court finds persuasive the holding of the Seventh Circuit in *Del Raine v.*

*Williford,* 32 F.3d 1024 (1994), with respect to the propriety of dismissing *Bivens* claims against supervisory government employees. The Seventh Circuit held that "there must be individual participation and involvement by a defendant, and ... the concept of respondeat superior cannot be the basis of a claim [in a *Bivens* action]."[12] *Id.* at 1047 (*citing Monell v. Dept. of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). *See also Berry v. City of Detroit,* 25 F.3d 1342, 1345 (6th Cir.1994).

 The Plaintiff has failed to allege any facts in his Second Amended Complaint that Agent Hummel, or any unknown supervisory DEA agent, was directly involved in the events that form the basis of this case. The facts alleged do not show that Agent Hummel or a John Doe DEA supervisor was present at the airport the night the Plaintiff was apprehended. The facts alleged also do not show that Agent Hummel or a John Doe DEA supervisor knew of the incident, condoned it, ratified it, or encouraged such encounters as the policy of the DEA in Cleveland. Therefore, the Plaintiff has failed to allege that Agent Hummel and/or any other supervisory DEA agent had any relationship, direct or indirect, to the events of January 13, 1997. As such, taking the facts in the light most favorable to the non-movant, the Plaintiff has failed to state a claim upon which relief can be granted.

### CONCLUSION

The Plaintiff has not established that this Court has personal jurisdiction over the Defendant Police Officers in their individual capacities. The Plaintiff did not personally serve the TFOs within the 120–day time period allowed by Fed.R.Civ.P. 4(m) after the filing of the January 13, 1998, Complaint (Dkt.# 1). Furthermore, the Plaintiff is not afforded an additional 120 days within which to perfect service from the date of filing either the Amended Complaint (Dkt.# 41), or

---

11. The Plaintiff has asserted a *Bivens* claim against Agent Hummel and a John Doe DEA supervisor based on their alleged violation of his Fourth and Fifth Amendment rights.

12. Generally, Section 1983 cases and *Bivens* actions are parallel in their treatment of supervisory liability. *See Del Raine,* 32 F.3d at 1047.

the Second Amended Complaint (Dkt.# 91). Finally, the Plaintiff has not exhausted his administrative remedies under the FTCA. This Court, therefore, does not have subject matter jurisdiction over the Plaintiff's state common law tort claims against the TFOs in their official capacities.

Additionally, the Plaintiff has failed to state a claim upon which relief can be granted with respect to Resident Agent in Charge James P. Hummel and the John Doe DEA supervisor who were both sued because of their supervisory positions.

Accordingly, the Motion to Dismiss of Defendants Harrison, Caprez, Gilchrist, O'Bryant, Agent Hummel, and the John Doe DEA supervisor (Dkt.# 63) is hereby **GRANTED.**

The Plaintiff's Second Amended Complaint (Dkt.# 91) is **DISMISSED without prejudice** with respect to the TFOs. The Plaintiff's Second Amended Complaint (Dkt # 91) **DISMISSED with prejudice** with respect to the claims against Agent Hummel and a John Doe DEA supervisor.

**IT IS SO ORDERED.**