**AMERICAN INTERNATIONAL TELEPHONE, INC.,**
Plaintiff,

v.

**MONY TRAVEL SERVICES, INC.,**
**f/k/a Money Travel Services,**
**Inc., Defendant.**

**No. 99 CIV 11581 (CM)(LMS).**

United States District Court,
S.D. New York.

Sept. 4, 2001.

Leonard Benowich, Roosevelt & Arfa, LLP, White Plains, NY, Bruce C. Fuchs, Klett Lieber Rooney & Schorling, Pittsburgh, PA, for American International Telephone, Inc.

Francis X. Markey, Law Offices of Francis X. Markey, Washington, DC, for Mony Travel Services, Inc.

MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

McMAHON, District Judge.

Plaintiff American International Telephone, Inc. ("AIT") moves pursuant to Fed. R.Civ.P. 4(m) for an extension of time to serve Carlos Duran, president of defendant Mony Travel Services of Florida ("Mony"). Defendant cross-moves for a protective order against two deposition notices, one for Duran, and one for Francis Markey, counsel for Mony.

## FACTUAL BACKGROUND

1. On February 28, 2001, this Court granted AIT's motion for leave to file a second amended complaint adding Mony Travel Services of Florida, Inc., f/k/a/ Money Travel Services of Florida, Inc. ("Mony"), and Carlos Duran, Sr., president of Mony, as defendants.

2. On February 27, 1001, counsel for plaintiff sent a copy of the amended complaint to Messrs. Markey and Ferrer, counsel for Mony Travel.

3. On April 28, 2001, a process server left a copy of the summons and complaint for Carlos Duran with a security guard at 1717 North Bayshore Drive. (Fox Decl. at Ex. A.) Plaintiff contends that the process server was denied access to the building, and was told that Duran was in fact a resident at that address. The affidavit of service submitted by the process server states that the he also attempted service at a second address, 735 N.W. 22d Avenue, in Miami, Florida.

4. 1717 North Bayshore Drive is the address that Carlos Duran identified as his residence during his deposition as a nonparty witness on April 5, 2000. (Fox Decl. at Ex. B at 6.)

5. On or about July 3, 2001, after Duran failed to answer, AIT moved for a default judgment against Duran. Duran filed an affidavit in opposition to the motion alleging

that he moved from 1717 North Bayshore Drive on March 31, 2001. (Fox Decl. at Ex. C.) He also stated that he was not personally represented by counsel for Mony. The motion was denied on July 10, 2001. (See Order dated July 10, 2001, Fox Decl. at Ex. D.)

6. Plaintiff's motion for reconsideration the July 10 Order was denied on July 27, 2001. (See Order dated July 27, 2001, Fox Decl. at Ex. E.) In denying the motion, I wrote that "The parties are free to take discovery on any and all issues related to service in accordance with the schedule set by the Court, which is 45 days to complete." (Id.)

7. On August 14, 2001, AIT moved for an extension of time for service of process on Mr. Duran and noticed the depositions of Carlos Duran and Francis Markey, Mony's attorney.

## CONCLUSIONS OF LAW

1. Rule 4(m) provides that if the summons and complaint is not made within 120 days after filing a court "shall extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure. Fed.R.Civ.P. 4(m). If a plaintiff does show good cause the extension is mandatory. *Shider v. Communications Workers of America,* No. 95 Civ. 4908, 1999 WL 673345, *2 (S.D.N.Y. Aug. 30, 1999); *Blessinger v. United States,* 174 F.R.D. 29, 31 (E.D.N.Y.1997). In the absence of good cause, the Court, in its discretion, may extend the time for service. *Shider,* 1999 WL 673345, *2; *Gowan v. Teamsters Union (237),* 170 F.R.D. 356, 359–60 (S.D.N.Y.1997).

2. In determining whether good cause is shown, a court should consider (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay. *Shider,* 1999 WL 673345, *2. "The determination of good cause under Rule 4 is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has re-

ceived actual notice.' " *Snall v. City of New York,* No. 97–CV–5204, 1999 WL 1129054 (check), *3 (E.D.N.Y. October 19, 1999) (quoting *Romandette v. Weetabix Co.,* 807 F.2d 309, 311 (2d Cir.1986),) aff'd. 242 F.3d 367 (2d Cir.2000).

3. I find that plaintiff has made reasonably diligent efforts to serve Mr. Duran, and that extension of the deadline would not prejudice Mr. Duran, who is on notice of the action against him. *Blessinger,* 174 F.R.D. at 31, *Snall,* 1999 WL 1129054 at *3.

4. Plaintiff requests an extension of 120 days from September 10, 2001 (the expiration of the remaining 45 days for discovery). The discovery deadlines have nothing to do with how much time the plaintiff needs to service Mr. Duran. The original 120–day period for service of the second amended complaint ended on June 28, 2001. Plaintiff should not have more than 120 days from *that* date to effect service. Thus, plaintiff has until Friday, October 26, 2001 to serve Mr. Duran.

5. Defendant's motion for a protective order against the deposition of Mr. Duran is denied. Defendant offers no grounds why Mr. Duran should not be deposed on the issue of service of process, except that Mr. Duran has already been deposed once as a non-party witness in this case.

6. If necessary, the parties may schedule Mr. Duran's deposition for a date after September 10, 2001 (the expiration of the 45–day discovery deadline). It is my understanding that counsel for defendant agreed to do so in the event I denied its motion for a protective order.[1]

7. As a condition of this order, plaintiff is to make no attempts to serve Mr. Duran for 48 hours prior to the start of the deposition and for 48 hours after the conclusion of the deposition.

8. The motion for a protective order as to Mr. Markey is granted. Plaintiff did not effect service by sending a copy of the amended complaint to Mr. Markey. Even if

1. Plaintiff represents to the Court that, according to counsel for Mr. Duran, he will not appear for deposition unless compelled to do so by court order. Plaintiff has made no request for such an order as part of his present motion. However, such a request would be considered should Mr. Duran fail to respond to the notice of deposition or fail to appear pursuant to a subpoena.

98

Mr. Markey was representing Mr. Duran in his individual capacity at the time, mailing a copy of the complaint to a party's attorney is not one of the ways in which an party may be served under Florida law. Fl. St. § 48.031; Fed R. Civ. P. 4(e). There is no need to depose Mr. Markey on the issue of service of process.

This constitutes the order and decision of this Court.